Case 2:19-cv-00376   Document 53   Filed on 08/13/20 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
August 13, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JULIAN G. SILVAS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:19-CV-376 |
| § | |
| LT. HINOJOSA, *et al*, § | |
| § | |
| Defendants. § | |

### ORDER ADOPTING MEMORANDUM AND RECOMMENDATION TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE AND REFERRING REQUEST TO AMEND TO MAGISTRATE JUDGE

On July 2, 2020, United States Magistrate Judge Julie K. Hampton issued her "Memorandum and Recommendation to Dismiss Certain Claims and to Retain Case" (M&R, D.E. 42), recommending that the Court retain an excessive force claim against Sgt. Brown in his individual capacity and dismiss all other claims. Plaintiff filed three letters, which the Court construes as his effort to file objections to the M&R. In those letters, Silvas asserts that:

- he should be permitted to bring criminal charges against Sgt. Brown;
- he should be permitted to bring criminal charges against Sgt. Brown's supervising officer, Lt. Gomez, under the doctrine of respondeat superior;
- he should be permitted to proceed with his claim for the alleged deliberate indifference of unidentified medical staff; and
- he should be permitted to proceed with a claim against the grievance officer, Sgt. Wilson.

D.E. 45, 47, and 50.

These objections reiterate Plaintiff's complaints, without pointing out the specific findings or conclusions of the Magistrate Judge that are challenged or the legal or factual basis for the challenge. This is insufficient to comply with 28 U.S.C. § 636(b). *E.g., 4 B's Realty 1530 CR39, LLC v. Toscano*, 818 F. Supp. 2d 654, 659 (E.D.N.Y. 2011). General disagreement with the Magistrate Judge's suggested resolution does not constitute an "objection" as that term is used in Federal Rule of Civil Procedure 72. The attempted objections are OVERRULED.

Plaintiff filed a fourth letter after the M&R was issued. That letter states that Lt. Lowkie was present at the time of Sgt. Brown's alleged assault against Plaintiff and should have acted to protect or defend Plaintiff. D.E. 49. The Court construes this letter as a motion for leave to amend to add a bystander claim against Lt. Lowkie regarding the retained excessive force claim. The Magistrate Judge did not address this issue and it is not a proper subject for objection. Moreover, the Court declines to address it in the first instance.

As Plaintiff failed to provide valid objections to the Magistrate Judge's memorandum and recommendation, the district court need only satisfy itself that there is no clear error on the face of the record. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996)). Having reviewed the findings of fact and conclusions of law set forth in the Magistrate Judge's memorandum and recommendation (D.E. 42), as well as the other relevant portions of the record, the Court ADOPTS as its own the findings and conclusions of the Magistrate Judge.

Accordingly, the Court **ORDERS**

1. Plaintiff's claims for monetary damages against Defendants in their official capacities are **DISMISSED**;

2. Plaintiff's excessive force claim against Sgt. Brown in his individual capacity is **RETAINED** and the Court **ORDERS** service on this Defendant;

3. Plaintiff's claims against the remaining Defendants are **DISMISSED** for failure to state a claim upon which relief may be granted and/or as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1); and

4. The Court **REFERS** the motion for leave to amend (D.E. 49) to add a claim against Lt. Lowkie to the Magistrate Judge for review in the first instance.

ORDERED this 13th day of August, 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE